TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
LEANNE C. YU (SBN 290698)
lyu@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
Acima Credit, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIEARA FARR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACIMA CREDIT, LLC; and DOES 1 through 50,<br><br>Defendants. | CASE NO.: 20-8619<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Acima Credit, LLC ("Acima"), a Utah Limited Liability Company, whose principal place of business is located in Salt Lake City, Utah, hereby removes to this Court the state court action described below.

1. On October 16, 2020, a Complaint was filed against Acima by the plaintiff Sieara Farr ("Plaintiff") in an action pending in the Superior Court of the State of California in and for the County of Alameda ("Alameda Superior Court"), styled as *Sieara Farr v. Acima Credit, LLC*, Case No. RG20078630.  A true and correct of the Alameda Superior Court's docket report, along with all court filings, are attached hereto as **Exhibit A**.

2. A filed copy of the Complaint (*see* Exhibit A at pp. 4-12), and an unfiled copy of a First Amended Complaint ("Amended Complaint") were subsequently served upon Acima by hand delivery on November 13, 2020.  A true and correct copy of the Amended Complaint is attached hereto as **Exhibit B**.

3. This removal petition is timely under 28 U.S.C. § 1446(b), because Acima was first served with a copy of the Complaint and the Amended Complaint on November 13, 2020.  A copy of the service of process transmittal is attached hereto as **Exhibit C**.

## JURISDICTION

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1332(d)(2)(A) and 1453 because the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which any member of the class of plaintiffs is a citizen of a state different from any defendant, and that may be removed to this Court by Acima pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

5. Plaintiff alleges that she is a resident of the City of Oakland, State of California, and that Acima is a citizen of a different state, namely, the State of Utah.

6. Plaintiff alleges that on September 18, 2020, she entered into a rental-purchase agreement with Acima. *See* Exh. A, Complaint at ¶ 14. She claims Acima "violated the Karnette Act by charging Plaintiff an application fee, which is a fee that is not permitted by the Karnette Act, in violation of § 1812.624(a)(7)" of the California Civil Code. *See id.*, ¶ 27. In the alternative, Plaintiff alleges the application fee allegedly charged by Acima to Plaintiff "is not reasonable and/or is not actually incurred" by Acima, and thus violates § 1812.624(a)(7) of the California Civil Code. *See id.*, ¶ 28. According to Plaintiff, Acima "failed to set forth the purpose and amount of such fee in Plaintiff's rental purchase agreement, in violation of § 1812.623(a)(7)" of the California Civil Code. *See id.*, ¶ 29. Plaintiff further alleges that the use of transaction fees in the rental-purchase agreements utilized by Acima violates the California Consumer Legal Remedies Act, specifically section 1770(a)(14) of the California Civil Code, and also violates the California Unfair Competition Act, section 17200, *et seq.*, of the California Business and Professions Code. *See id.*, ¶¶ 31-40.

7. Plaintiff alleges that Acima violates the Karnette Act when it "enters into rental-purchase agreements with other California consumers" and that the allegedly unlawful practices "affect many consumers throughout the State of California." *See id.*, ¶ 30. She asserts claims on behalf of a putative class comprised of all individuals "who, during the applicable statute of limitations, entered into a rental-purchase agreement with Acima Credit, LLC in the State of California and were charged an application fee." *See id.*, ¶ 18. Plaintiff says the class is "so numerous that joinder of all Class members would be impracticable" and she asserts on information and belief that the class "consists of at least 100 members." *See id.,* ¶ 21.

8. In her Prayer For Relief, Plaintiff seeks entry of a public injunction, enjoining Acima from continuing the alleged violations she has identified, as well as restitution to class members, and an award of attorneys' fees and costs. *See id.,* Prayer for Relief, ¶¶ 1-11.

9. During the four-year period preceding the filing of this action, Acima has entered into no fewer than 227,375 rental-purchase agreements with persons who listed addresses located in the State of California, and in each such agreement, the customers agreed to provide an initial payment of rent (which Plaintiff mischaracterizes as an "application fee") of $50.00.  Thus, although Acima denies all the material allegations of the Complaint and the Amended Complaint, the amount in controversy in this action exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

## VENUE

10. The Complaint was filed in the Superior Court of the State of California, County of Alameda.  Venue in the Northern District of this Court is proper.  *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); *id*. § 84(a) ("The Northern Division comprises the counties of . . . Alameda).

11. Defendant Acima is represented by the undersigned.

DATED: December 7, 2020

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR
LEANNE C. YU


By: /s/ Leanne C. Yu
Leanne C. Yu
Attorneys for Defendant
Acima Credit, LLC