1  JAMES T. HANNINK (131747)
   jhannink@sdlaw.com
2  ZACH P. DOSTART (255071)
   zdostart@sdlaw.com
3  DOSTART HANNINK & COVENEY LLP
   4180 La Jolla Village Drive, Suite 530
4  La Jolla, California 92037-1474
   Tel: 858-623-4200
5  Fax: 858-623-4299

6  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIEARA FARR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACIMA CREDIT, LLC, a Utah limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 4:20-cv-08619-YGR<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR ORDER DENYING CLASS CERTIFICATION**<br><br>Date: April 20, 2021<br>Time: 2:00 p.m.<br>Ctrm.: 1 (4th Floor)<br>Judge: Hon. Yvonne Gonzales Rogers |

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PROCEDURAL CONTEXT | 2 |
| | A. The Complaint | 2 |
| | B. Removal | 3 |
| | C. Schedule | 3 |
| | D. Discovery | 3 |
| | E. The Motion to Deny Class Certification | 4 |
| III. | LEGAL STANDARD FOR MOTIONS TO DENY CLASS CERTIFICATION | 4 |
| IV. | ACIMA FAILS TO ESTABLISH THAT RULE 23(a) CANNOT BE SATISFIED | 5 |
| | A. Numerosity | 5 |
| | B. Commonality | 6 |
| | C. Typicality and Adequacy | 6 |
| V. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Avilez v. Pinkerton Gov't Servs., Inc.*,
　596 F. App'x 579 (9th Cir. 2015) ................................................................................................ 7

*Campanelli v. Image First Healthcare Laundry Specialists, Inc.*,
　No. 15-cv-04456-PJH, 2018 U.S. Dist. LEXIS 215287 (N.D. Cal. Dec. 21,
　2018) ........................................................................................................................................... 7

*Johnson v. Q.E.D. Envtl. Sys.*,
　No. 16-cv-01454-WHO, 2017 U.S. Dist. LEXIS 67746 (N.D. Cal. May 3,
　2017) ........................................................................................................................................... 4

*In re Optical Disk Drive Antitrust Litig.*,
　No. 10-MD-02143-RS, 2017 U.S. Dist. LEXIS 209283 (N.D. Cal. Dec. 18,
　2017) ........................................................................................................................................... 5

*Tan v. Grubhub, Inc.*,
　No. 15-cv-05128-JSC, 2016 U.S. Dist. LEXIS 186342 (N.D. Cal. July 19,
　2016) ........................................................................................................................................... 7

*Vinole v. Countrywide Home Loans, Inc.*,
　571 F.3d 935 (2009) ................................................................................................................... 4

*Wal-Mart Stores, Inc. v. Dukes*,
　564 U.S. 338 (2011) ................................................................................................................... 4

**California Statutes**

Karnette Rental-Purchase Act ............................................................................................................ 2
　Civil Code § 1812.623(a)(7) ...................................................................................................... 2
　Civil Code § 1812.624(a)(7) ...................................................................................................... 2

**Other Authorities**

Fed. R. Civ. Proc.
　Rule 23 .............................................................................................................................. 2, 4, 5, 6

## I. INTRODUCTION

The motion to deny class certification is based on the transparently false premise that California customers of Acima Credit, LLC ("Acima") who did not opt out of the arbitration clause are precluded from participating in this action. That premise is false because, for at least the past two-and-a-half years, Acima has used an arbitration clause that expressly ***exempts*** equitable relief from mandatory arbitration. And, as the Complaint makes clear, this action seeks *equitable relief* on behalf of California customers. Compl. ¶ 22. In other words, this action seeks to recover for putative class members the very relief that Acima itself decided should be exempt from arbitration. In that respect, it is a mystery why this motion was even filed.

Viewed from another angle, however, there is no mystery why this motion was filed. The problem for Acima is that restitution is an equitable remedy, and restitution of $50 each, taken from many thousands of customers, adds up to a significant exposure. For that reason, instead of engaging in discovery and then contesting Plaintiff's motion for class certification, Acima desperately wishes to avoid creation of an evidentiary record altogether. Hence, the "preemptive" motion.

A preemptive motion to deny class certification can be appropriate when, after adequate time for discovery, the evidence shows that the plaintiff cannot satisfy the prerequisites for class certification, or when there is some inherent legal impediment to certification such that no amount of discovery could matter. This is not that sort of case, but Acima's tactic is to ***pretend*** that it is. To that end, Acima ignores the fact that for the past few years its arbitration clause has authorized customers to pursue equitable relief outside of arbitration, whether or not they exercise a right to opt out of arbitration altogether. Instead of honestly acknowledging that fact, Acima sets up a strawman argument based on precisely the opposite proposition, i.e., that all customers are obligated to arbitrate all of their claims, and then it repeats that (false) proposition *ad nauseum*. From that false premise, Acima concludes that a class here must be limited to the three customers who opted out of arbitration altogether. But the premise isn't true, and neither is the conclusion.

The bottom line here is that the number of customers who have the right to seek equitable relief in court is not determined by, and indeed has nothing to do with, the number of customers who exercised a right to opt out of the arbitration clause altogether. Similarly, because the

1

Complaint seeks equitable relief on behalf of putative class members who are authorized to seek such relief in court, whether a particular customer opted out or not has no bearing on the elements of Rule 23(a). In sum, the motion fails to show any inherent legal impediment to class certification. Discovery should proceed, and the parties should present their arguments on class certification when the evidentiary record is complete.

## II. PROCEDURAL CONTEXT

### A. The Complaint

This action was commenced on October 16, 2020, by the filing of a complaint in the Alameda County Superior Court. The operative pleading is the First Amended Complaint, filed on November 13, 2020 ("Complaint") (ECF No. 8-1). The Complaint alleges that Acima violated the Karnette Rental-Purchase Act ("Karnette Act") by charging processing fees to California customers who entered into rental-purchase agreements. Specifically, the Complaint alleges that Acima charged a $50 processing fee, the amount and purpose of which was not stated in the agreement, in violation of Civil Code § 1812.623(a)(7), and that the amount of the fee is not reasonable and is not an amount "actually incurred" by Acima, in violation of Civil Code § 1812.624(a)(7). Compl. ¶¶ 12-18, 32-35. The Complaint also includes allegations concerning the arbitration clause in the standardized rental-purchase agreement for Plaintiff's transaction. In that regard, the Complaint alleges:

> With respect to consumers who sign a rental-purchase agreement but do not timely opt out of the Arbitration Clause, the Arbitration Clause generally provides that disputes between the consumer and Acima are to be resolved in individual arbitration or small claims court. ***However, the Arbitration Clause expressly provides that injunctions and other equitable relief are not subject to that restriction. Specifically, in the row that addresses the query "Do other options exist?," the answer is "Yes" with a further explanation that "Both parties may seek remedies which don't claim money damages. This includes pre-judgment seizure, injunctions, or equitable relief." (Ex. 1 at 6.) Therefore, all of Acima's customers are authorized to seek equitable relief in court.***

Compl. ¶ 21 & Ex. 1 at 6 (emphasis added).

### B. Removal

Acima removed the action on December 7, 2020. In its Notice of Removal, Acima states that during the four years preceding the filing of this action, Acima entered into at least **227,375** rental-purchase agreements with consumers in California. Notice of Removal, ¶ 9 (ECF No. 1).

### C. Schedule

This Court conducted a Case Management Conference on January 25, 2021. The Court set a deadline for Plaintiff to file a motion for class certification by November 8, 2021. (ECF No. 19.)

### D. Discovery

Discovery commenced on February 5, 2021, when Plaintiff served her first set of interrogatories and first set of requests for production of documents. The responses to that discovery were initially due on March 10, 2021. On March 7, 2021, in response to a request by Acima's counsel, the parties agreed to an extension of that response deadline to March 22, 2021. Five days after that extension was granted, Acima filed the instant motion to deny class certification.

Acima did indeed serve responses on March 22, 2021, but the responses are a studied exercise in "hiding-the-ball." True and correct copies of the responses are submitted herewith as Exhibit 1 (Responses to First Set of Interrogatories) and Exhibit 2 (Responses to First Set of Requests for Production of Documents) to the Declaration of Zach P. Dostart. With respect to discovery requests seeking information about the putative class members, their respective transactions, and other pertinent matters, the responses provide no information whatsoever and instead assert an objection that "For the reasons stated in the [Motion to Deny Class Certification], Plaintiff cannot certify a class in this Action," and/or that Plaintiff "is not entitled to discover any documents or information relating to putative class members." *See, e.g.*, Responses to Interrogatory Nos. 1-3, 13-15; Responses to Requests for Production Nos. 1-3, 12-14, 18-20, 22, 32-33, and 36-38. In sum, on top of problematic objections asserted in response to other requests, Acima is refusing to participate in discovery based on the *assumption* that its motion to deny class certification will be granted. Plaintiff will move to compel (and has already sought to initiate a meet-and-confer), but regardless of the outcome, these objections and the attendant delay are likely to set back the course of discovery in this action by several months. We suspect that is by design.

**E. The Motion to Deny Class Certification**

In support of its motion, Acima presents copies of the various forms of rental-purchase agreements utilized during the relevant period. Those documents establish that the standardized arbitration clause used for Plaintiff's transaction was in use for "all Acima customers in the State of California" **from September 26, 2018 to the present**. *See* Christiansen Decl. (ECF No. 21-1) ¶¶ 10-11 & Exs. D-E. Those forms contain the exact same language quoted in paragraph 21 of the Complaint, exempting "injunctions" and "equitable relief" from mandatory arbitration. Christiansen Decl. Ex. D § 18 (ECF No. 21-1 at Page 30); Ex. E § 18 (ECF No. 21-1 at Page 39). Acima acknowledges that fact. Mot. at 2 (ECF No. 21). Further Acima does not dispute that the Complaint seeks equitable relief on behalf of California customers. Nevertheless, as explained above in the Introduction, Acima bases its motion on the premise that the only customers who may participate in this action as class members are the three individuals who opted out of arbitration altogether. The argument lacks merit.

## III. LEGAL STANDARD FOR MOTIONS TO DENY CLASS CERTIFICATION

Courts in this district will entertain a motion to deny class certification after there has been "adequate time in which to conduct discovery related to the question of class certification." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 943 (2009) (district court properly considered a motion to deny class certification where plaintiffs had "nearly ten months" to conduct discovery and "did not intend to propound any additional discovery seeking information from [the defendant] regarding the propriety of class certification"); *Johnson v. Q.E.D. Envtl. Sys.*, No. 16-cv-01454-WHO, 2017 U.S. Dist. LEXIS 67746, at *17 (N.D. Cal. May 3, 2017) (motion to deny class certification considered after the close of fact discovery). This is in accord with judicial recognition that, in most cases, the propriety of class certification cannot be resolved based on the pleadings alone. If there has not been adequate time to conduct discovery, a motion to deny class certification is appropriate only if the nature of the case is such that class certification could never be granted, regardless of what discovery might show.

To *obtain* class certification, a plaintiff must show by a preponderance of the evidence the four elements of Rule 23(a) and at least one of the subsections of Rule 23(b). *Wal-Mart Stores, Inc.*

*v. Dukes*, 564 U.S. 338, 352 (2011). Obviously, in the instant case, Plaintiff is not yet seeking class certification; that will come after an evidentiary record is assembled. Therefore, Plaintiff does not have any burden in connection with the instant motion. Rather, the burden is on Acima to establish that no class could ever be certified. When presented with a motion for or against class certification, the substantive allegations of the complaint are accepted as true. *In re Optical Disk Drive Antitrust Litig.*, No. 10-MD-02143-RS, 2017 U.S. Dist. LEXIS 209283, at *28 (N.D. Cal. Dec. 18, 2017).

IV. **ACIMA FAILS TO ESTABLISH THAT RULE 23(a) CANNOT BE SATISFIED**

    A. **Numerosity**

Acima's motion is based on the premise that, as a matter of law, the only customers who can participate in this action are those who opted out of the arbitration clause altogether. Based on that assumption, Acima argues there are only three potential class members. Acima is using the wrong measure to count.

The proper measure is not the number of customers who opted out of arbitration altogether, but rather the number of customers who have the right to seek equitable relief outside of arbitration. At a bare minimum, that includes all customers who entered into a rental-purchase agreement from September 26, 2018 to the present, during which time all agreements expressly exempted equitable relief from mandatory arbitration. How many customers is that? An estimate can be derived from the information in Notice of Removal. There, Acima states that during the four years from October 2016 to October 2020, it entered into "no fewer than" 227,375 rental-purchase agreements in the State of California, which works out to an average of about 4,737 agreements per month. Applying that average to the thirty-month period from September 26, 2018 to March 26, 2021, it is likely that about 142,000 agreements were created during that time. That obviously satisfies the numerosity element.

Beyond that, it is possible that between now and the November 2021 deadline for the filing of a motion for class certification, a combination of discovery, addition of parties, and amendments to the pleadings could result in *all* customers since October 2016 being part of a certified class. Before the filing of the instant motion, Plaintiff and her counsel had no way of knowing that Acima used different forms for transactions between October 16, 2016 and September 26, 2018. With that

5

information now available, there is nothing to prevent one or more customers from that earlier period being added as named plaintiffs in this case, to represent customers who entered into transactions during that period.

With the benefit of discovery, the parties will be able to ascertain the number of potential class members. In any event, based just on the very limited information already in the record, Acima plainly fails to carry its burden to show that the numerosity element cannot be satisfied.

### B. Commonality

Acima's argument concerning the Rule 23(a) commonality element derives entirely from the same argument described above with respect to numerosity. And it fails for the same reason.

Acima argues that common issues do not exist because, in its view, "all but three of the putative class members are precluded from having their claims adjudicated in this action, as they are subject to binding arbitration agreements." Mot. at 10. As before, that argument ignores the fact that from September 26, 2018 to the present, the standardized arbitration clause has ***exempted*** equitable relief from mandatory arbitration, meaning that all customers during that period have the right to have their claims for equitable relief adjudicated in this action.

Moreover, as noted above, between now and the November 2021 deadline for the filing of a motion for class certification, a combination of discovery, addition of parties, and amendments to the pleadings could result in *all* customers since October 2016 being part of a certified class. In any event, based on the limited information already in the record, Acima fails to carry its burden to show that the commonality element cannot be satisfied by a sufficiently numerous class.

### C. Typicality and Adequacy

Acima uses similar logic concerning typicality and adequacy, arguing that for customers who did not opt out altogether, Plaintiff "lacks standing to challenge the enforceability of the applicable arbitration agreements[.]" Mot. at 10. Putting the same argument another way, Acima asserts that "every member of the putative class – except for Plaintiff and two other persons – is subject to a binding arbitration agreement and jury trial waiver, and has agreed not to be member of a class action." Mot. at 11.

1    This argument is based on the same false premise that underlies the rest of the motion.
2 Acima is pretending that all customers are required to arbitrate their claims, whereas in fact, from
3 at least September 26, 2018 to the present, the standardized arbitration clause ***exempts*** equitable
4 relief from mandatory arbitration. As a result, customers during that period are ***not*** required to
5 arbitrate claims for equitable relief, and they have the right to have those claims adjudicated in this
6 action. And there is no need for any sort of "challenge" to an arbitration clause. Accordingly, there
7 is no reason whatsoever why Plaintiff's claim for equitable relief cannot be typical of other
8 customers who likewise have the right to assert claims for equitable relief, and there is no reason
9 why Plaintiff cannot be an adequate representative to assert such claims for equitable relief on their
10 behalf.

    None of the cases cited by Acima suggest otherwise. In *Campanelli v. Image First*
*Healthcare Laundry Specialists, Inc.*, No. 15-cv-04456-PJH, 2018 U.S. Dist. LEXIS 215287 (N.D. Cal. Dec. 21, 2018), following class-wide discovery, the court held that the putative class members were in fact subject to binding agreements that required arbitration for the asserted claims. *Id*. at *11, 20-22. The same was true in *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579 (9th Cir. 2015) (appeal taken *after* class-related discovery was complete and class certification was granted) and *Tan v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2016 U.S. Dist. LEXIS 186342 (N.D. Cal. July 19, 2016) (plaintiff did not suggest that additional discovery was necessary). In stark contrast, in the instant case, the customers from at least September 26, 2018 to the present signed agreements that ***authorize*** claims for equitable relief to be adjudicated ***outside*** of arbitration, and discovery is just getting underway.

    As noted above, between now and the November 2021 deadline for the filing of a motion for class certification, a combination of discovery, addition of parties, and amendments to the pleadings could result in *all* customers since October 2016 being part of a certified class. In any event, based on the information already in the record, Acima fails to carry its burden to show that the typicality and adequacy elements cannot be satisfied by a sufficiently numerous class.

27  / / /
28  / / /

## V. CONCLUSION

Based on the foregoing, Acima has failed to establish that a class cannot be certified. The motion to deny class certification should be denied.

DATED: March 26, 2021                    DOSTART HANNINK & COVENEY LLP

/s/ Zach P. Dostart
ZACH P. DOSTART
Attorneys for Plaintiff

943229.5