TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
LEANNE C. YU (SBN 290698)
lyu@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
Acima Credit, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIEARA FARR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACIMA CREDIT, LLC; and DOES 1 through 50,<br><br>Defendants. | CASE NO.: 4:20-cv-08619-YGR<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date: July 13, 2021<br>Time: 2:00 p.m.<br>Ctrm: 1 (4th Floor)<br><br>Honorable Yvonne Gonzales Rogers |

# I. INTRODUCTION

In her Motion for Leave to File a Second Amended Complaint (SAC), Plaintiff Sieara Farr simply rehashes the arguments she made in opposition to the pending motion to deny class certification filed by Defendant Acima Credit, LLC ("Acima").[1] Her motion is, in effect, an improper "surreply" to Acima's motion. It should be denied.

Rather than deciding Plaintiff's motion for leave to amend at this time, Acima respectfully submits that the Court should first rule on Acima's motion to deny class certification. If the Court grants Acima's motion, it should then deny Plaintiff's motion for leave to amend, because the proposed amendment would be futile. If the Court agrees with Acima and finds that Plaintiff cannot represent a class of other California customers, then it would be improper to join into this action the unrelated claims of the two new proposed plaintiffs. Those claims involve completely different transactions conducted at different times with different merchants and salespersons in different judicial districts.[2]

If, on the other hand, the Court agrees with Plaintiff's argument that all customers "have the right to seek equitable relief in court," even if they opted out of the Arbitration Clause, *see* Dkt. No. 34 at 4:6-7, and the Court denies Acima's pending motion to deny class certification, then Plaintiff's motion for leave to file a SAC is unnecessary. In other words, if Plaintiff is correct, then she can represent a class of such persons, and there is no need to add more plaintiffs.

---

[1] Dkt. No. 21.

[2] Plaintiff completely fails to discuss Rule 20 of the Federal Rule of Civil Procedure, which governs permissive joinder of parties. If the Court were to rule on and grant Plaintiff's motion to add new plaintiffs first, and then later rule on and grant Acima's motion to deny class certification, a motion to sever the newly added plaintiffs as improperly joined under Rule 21 of the Federal Rules of Civil Procedure would be warranted.

There is no need for the Court to address at this time Plaintiff's implicit argument, *i.e.*, that her proposed new plaintiffs are <u>not</u> subject to mandatory arbitration of their claims, despite their failure to opt out of the arbitration clause. This argument is premature and need only be addressed if the Court allows Plaintiff to add the new plaintiffs. If that occurs, Acima anticipates moving to compel arbitration of their claims, and the Court can address whether they must arbitrate their claims or whether they can pursue them in this Court.[3] Until then, Plaintiff is effectively seeking an improper advisory opinion as to the enforceability of the arbitration clause between Acima and these two other customers.

Acima respectfully requests that the Court issue an Order granting its motion to deny class certification and denying Plaintiff's motion for leave to file a SAC.

## II. ARGUMENT

### A. Plaintiff's Motion Improperly Rehashes Arguments She Made in Opposition to The Pending Motion to Deny Class Certification

Plaintiff's motion for leave to amend is a poorly disguised attempt to take another bite at the apple and try to convince the Court that it should deny Acima's motion to deny class certification. Plaintiff candidly admits that she wants to file her SAC to "enable the parties and the Court to dispense with" Acima's argument in its motion to deny class certification that Plaintiff lacks standing to challenge Acima's arbitration clause (because she opted out of the arbitration agreement), and to "ensure that all arguments [in Acima's motion] concerning the propriety of class certification can be considered on the merits, . . ." Dkt. No. 34 at 6:22-7:1; *see id.* at 5:20-22 ("Although Plaintiff believes that she does not lack standing to make the argument she has put forth, the addition of named plaintiffs who did not opt out of the Arbitration Clause will moot any theoretical standing argument.");

---

[3] Acima will also argue that, pursuant to the delegation clause in the arbitration agreement, the arbitrator, not the court, must decide whether the arbitration clause itself is enforceable, *i.e.*, whether it is unconscionable.

*id.* at 7:10-12 ("By eliminating the theoretical "standing" argument, the amendment will advance the Court's evaluation of class certification issues, regardless of the context in which they arise."). Plaintiff's repetition of her arguments has not made them more persuasive.

Plaintiff continues to ignore Acima's principal argument why a class cannot be certified here. Other than Plaintiff and two other people who opted out of the arbitration clause, every member of her proposed class – **including** the two new plaintiffs she seeks to add through this motion for leave to amend – contractually agreed **not** to participate in a class action against Acima, either as a class representative or as a class member. Plaintiff's argument, which she made in opposition to Acima's motion to deny class certification, and which she repeats here, is based on a fundamental misreading of Acima's arbitration agreement, specifically the "Do other options exist?" portion of the agreement that has been used by Defendant with all California customers since September 26, 2018 (including with her two proposed new plaintiffs). Plaintiff says this clause "expressly exempts claims seeking equitable relief" from mandatory arbitration, Dkt. No. 34 at 3:22 (italics omitted); *compare* Dkt. No. 23 at 1:5-6, 5:15-17, 5:22, but her argument ignores the plain language. Plaintiff was wrong then, and she remains wrong now. The rental purchase agreement ("RPA") simply does not include this alleged "exemption" from arbitration.

To the contrary, the arbitration agreement provides that <u>all</u> disputes will be resolved either in arbitration, or in small claims court "if the small claims court has the power to hear the Dispute." *See* Dkt. No. 34-1 at ECF p. 25 of 68. It states that an arbitration "will solve all Disputes that the small-claims court does not have the power to hear." *Id.* In other words, Plaintiff conflates a <u>remedy</u> available when a dispute arises between Acima and its customers – equitable relief – with the <u>forum</u> in which that remedy may be sought – in small claims court (if it has the power to issue such relief) or in arbitration. Nothing in the RPAs, however,

"exempts" claims for equitable relief from mandatory arbitration. Plaintiff's reading of the agreement must be rejected, and Acima's pending motion should be granted.

### B. Plaintiff's Motion Must Be Evaluated, And Denied, Under Rule 20, Because Joinder of The New Plaintiffs Is Improper

Plaintiff seeks leave to file her proposed SAC pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 34 at 5:24-25. That rule permits a party to amend its pleading "with the opposing party's written consent or the court's leave," and instructs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As Plaintiff recognizes, however, the Court must consider numerous factors in deciding whether to grant leave to amend, including whether amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility alone is grounds for denying leave to amend. *See Caliz v. City of Los Angeles*, 2017 U.S. Dist. LEXIS 219072, at *10 (C.D. Cal. Nov. 3, 2017), citing *Ahlmeyer v. Nevada Sys. of Higher Ed.*, 555 F.3d 1051, 1055 (9th Cir. 2009).

Here, the proposed amendment should be denied as futile because it is improper to join the new plaintiffs into this action. Plaintiff's sole reason for seeking leave to add these new parties is so she can (continue to) oppose Acima's motion to deny class certification. *See* Dkt. No. 34-1 at Ex. B at ¶¶ 32-46 (setting forth multiple new allegations why "Plaintiffs Have The Right To Proceed In Court And On A Class Basis"). Indeed, Plaintiff explains that her proposed SAC "includes expanded allegations concerning the structure and content of Acima's Arbitration Clause," allegations that have nothing to do with Plaintiff's substantive claims, which she concedes "remain unchanged." Dkt. No. 34 at 5:26-27.[4]

---

[4] In her new proposed paragraphs 14 and 17, Plaintiff adds legal argument – not new facts – regarding the Legislature's alleged knowledge when enacting

A party who wishes to add plaintiffs, however, must satisfy Rule 20(a)(1) of the Federal Rules of Civil Procedure. *See, e.g., Long v. Diamond Dolls of Nev.*, 2020 U.S. Dist. LEXIS 15045, at **3-4 (D. Nev. Jan. 29, 2020) (discussing propriety of amending complaint under Rule 15 to add plaintiff, and analyzing proposed addition under Rules 20 and 21); *see also Swopes v. Oneida Sch. Dist. No. 351*, 2017 U.S. Dist. LEXIS 142412, at *8 n.3 (D. Id. Sept. 1, 2017) ("The Swopes should have sought leave to join the new plaintiff and the new defendant, pursuant to *Rule 20*, at the same time that they sought leave to file their Second Amended Complaint, pursuant to *Rule 15*." (italics in original)); *McHugh v. Trinity Health Sys.*, 2019 U.S. Dist. LEXIS 137410, at *3 (N.D. Ohio Aug. 14, 2019) ("If joinder [under Rule 20] would be proper, the Court may exercise its discretion under Federal Rule of Civil Procedure 15 to allow amendment of the Complaint."). Plaintiff has wholly failed to cite Rule 20, let alone discuss its application here. She should not be allowed to do so for the first time in her reply brief.[5]

Plaintiff's proposed amendment does not satisfy Rule 20(a)(1), which permits the joinder of plaintiffs "in one action" only if two conditions are met. First, the plaintiffs must "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1); *see League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Second, the plaintiffs must demonstrate that a "question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Even if both

---

the Karnette Act and a statement asserting that the Karnette Act "must be 'liberally construed.'" Dkt. No. 34-1 at Ex. B at ¶¶ 14, 17.

[5] Rule 21 authorizes the court to "on just terms, add or drop a party." Fed. R. Civ. P. 21. The *Long* court explained that the Rule 15 standard applied when determining whether to add a party under Rule 21. *See Long*, 2020 U.S. Dist. LEXIS 15045 at *5.

requirements are met, permissive joinder must also comport with the principles of fundamental fairness, promote judicial economy, and reduce inconvenience, delay, and added expense. *See Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Joinder is not proper here because Farr cannot satisfy the first prong of the Rule 20(a)(1), and because joinder will cause unnecessary added expense.

Joinder is improper where, *inter alia*, "the proposed additional plaintiffs do not share a transaction or occurrence with Plaintiff." *Jacobs v. Reed*, 2020 U.S. Dist. LEXIS 106267, *9 (E.D. Cal. June 16, 2020); *see Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446, 448 (N.D. Cal. 1975) (denying motion; no showing that proposed new plaintiffs' "rights to relief arise out of the same transaction, occurrence, series of transactions, or series of occurrences"); *see also McHugh*, 2019 U.S. Dist. LEXIS 137410 at *4 (joinder improper; claims of existing and new plaintiffs "arise out of completely separate occurrences and facts" and adding new plaintiff would substantially alter underlying factual basis on which cases had been proceeding). A proposed new plaintiff's right to relief does <u>not</u> arise from the same series of transactions or occurrences simply because it involves the same alleged improper practice, policy, or procedure of the defendant. *See Martinez*, 66 F.R.D. at 448-49.

Here, the proposed new plaintiffs (Estevan Abila and Jerrod Bolden) do not "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" as Plaintiff. In fact, Messrs. Abila and Bolden did not share a transaction or occurrence with Plaintiff, or even with each other. Instead, the three of them transacted business at different times with different merchants and interacted with different individuals at each of those merchants, who assisted Plaintiff and the proposed new plaintiffs with submitting their applications to Acima in connection with their respective transactions, and who provided each

person with various documents. Indeed, Plaintiff contends that Acima offers its services "[i]n coordination with retail merchants." Dkt. No. 34 at 16-18. Each of these merchants and its employees are potential witnesses and sources of information pertinent to Plaintiff's claims.

The proposed SAC makes clear that the transactions of the three proposed plaintiffs are wholly unrelated. Plaintiff, a resident of Alameda County, rented a sofa and a loveseat that she located in a furniture store in San Leandro, California in September 2020. *See* Dkt. No. 34-1 at Ex. B at ¶¶ 4, 18-20. Mr. Abila, a resident of Nevada County, rented snow tires offered by an auto supply store in Auburn, California in December 2020. *See id.* at ¶¶ 5, 23-25. Mr. Bolden, a resident of Sacramento County, rented tires offered by a different auto supply store in Sacramento, California in December 2019. *See id.* at ¶¶ 6, 28-30. During each of these three wholly separate transactions, involving different merchants, Plaintiff, Mr. Abila, and Mr. Bolden engaged in "a conversation" with at least three different "sales agent[s]." *See id.* at ¶¶ 19, 24, 29. None of them allege that they ever communicated directly with Acima. Each of them refers to a "processing fee," *see id.* at ¶¶ 21, 26, 30, but none of the RPAs attached to the Proposed SAC mention a "processing fee," *see* Dkt. No. 34-1 at Ex. A at Exs. 1-3. Rather, each RPA refers to an "Initial Payment" in the Definitions paragraph, which is then itemized on the payment schedule at the end of each RPA. And, attached to Mr. Abila's RPA is an invoice from "TireDepot&Brakes LLC," which appears to state "Acima Fee $-50." *See id.* at Ex. A at Ex. 2 (ECF Page 31 of 68). Mr. Abila admits that this document was prepared and provided to him by the merchant, not by Acima. *See* Dkt. No. 34-1 at ¶ 25.

Simply put, Plaintiff and the two other proposed new plaintiffs conducted entirely different transactions at different times and locations with different salespersons who told them different things at different entities that are not even parties to this action. Furthermore, allowing Messrs. Abila and Bolden to join this

action would at least triple the amount of discovery Acima would need to conduct, and could lead to juror confusion at trial. There is no basis for joining them together under Rule 20(a)(1).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend should be denied.

DATED: June 17, 2021

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR
LEANNE C. YU


By: /s/ Jeffrey A. Topor
Jeffrey A. Topor
Attorneys for Defendant
Acima Credit, LLC