UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIEARA FARR,<br><br>    Plaintiff,<br><br>vs.<br><br>ACIMA CREDIT LLC,<br><br>    Defendant. | CASE NO. 20-CV-8619-YGR<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO EXTEND DEADLINE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 52 |

       The Court is in receipt of plaintiff's administrative motion to extend the deadline for filing her motion for reconsideration of the July 7, 2021 Order granting defendant's motion to deny class certification. (Dkt. No. 52.) "The extension is requested so that Plaintiff can conduct focused discovery relevant to the motion for reconsideration, i.e., discovery concerning whether Acima itself uses remedies specified in Row 11 of its Arbitration Clause separate and apart from arbitration proceedings." (*Id.*) Plaintiff's request is **DENIED**, as she has not adequately demonstrated why such discovery is relevant to her proposed interpretation of the Arbitration Clause.

       Contrary to plaintiff's reading, the Court did not hold that remedies of Row 11 apply only to maintain the status quo pending arbitration. (Dkt. No. 48 at 10.) Rather, the Court concluded that <u>claims for such remedies need not be arbitrated</u> if a court grants such relief only for the purpose of maintaining the status quo. (Dkt. No. 44 at 9 ("Thus, the Court finds that the 'Do other options exist?' provision does not exempt *all* equitable claims [from arbitration] but 'was intended to apply only to claims designed to maintain the status quo between the parties.'") (quoting *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1285 (9th Cir. 2009)).) This construction does not prohibit customers from pursuing self-help remedies, as plaintiff seems to think. Nor can the Court conceive how evidence that Acima uses the remedies of Row 11 apart from arbitration supports an interpretation of the Arbitration Clause that <u>claims for such remedies are generally exempt from arbitration</u> (as opposed to exempt only for purposes of maintaining the status quo).

In other words, whether Acima (or customers) pursues any of the remedies in Row 11 apart from arbitration has no bearing on whether a court is authorized to grant such remedies as a general matter.

That said, plaintiff is not precluded from seeking leave to supplement the record after the motion is filed upon a showing of good cause. Accordingly, the motion for an extension of time to file the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

This terminates Docket Number 52.

Dated: August 9, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**