UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIEARA FARR,<br><br>  Plaintiff,<br><br>  vs.<br><br>ACIMA CREDIT LLC,<br><br>  Defendant. | Case No. 4:20-CV-8619-YGR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Re: Dkt. Nos. 34 and 54 |

Plaintiff brings this motion for reconsideration of the Court's order denying class certification based on defendant's preemptive motion prior to discovery. (Dkt. No. 54.) For the reasons stated below, the motion for reconsideration is **DENIED**.

Under Federal Rule of Civil Procedure 54(b), a court may revise any interlocutory order in its discretion. However, reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).[1] Here, plaintiff submits that the Court committed clear error in the order denying class certification.

---

[1] In addition, Local Rule 7-9(b) requires that a party seeking leave to file a motion for reconsideration show reasonable diligence in making the motion and one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

In that order, the Court agreed with defendant that plaintiff, who opted out of the Arbitration Clause at issue, could not satisfy Rule 23's typicality or adequacy requirements because she could not represent a class of putative class members who did not opt out as well.  (Dkt. No. 44.)  Plaintiff had argued that even if they did not opt out, the putative class members are not subject to the Arbitration Clause because the claims she brings on their behalf seek equitable relief, which are purportedly exempt from the broad Arbitration Clause.  The Court rejected this premise, finding instead that the agreement's reference to "equitable relief" was not intended to carve out all claims for equitable relief but rather intended to permit only those claims designed to maintain the status quo between the parties.  (*Id.* at 9.)  Upon leave from the Court, plaintiff now moves for reconsideration "on the ground that the Court erred in construing the Acima agreement as exempting claims for equitable relief from arbitration only for the purpose of maintaining the status quo."  (Dkt. No. 54 at 2.)

Even if, as plaintiff contends, "the text of the Acima clause does not support implying a 'status quo' condition to seeking equitable relief in court," the Court's inherent authority to grant such relief is well settled.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 980 (9th Cir. 2010) (holding that district courts have the "authority to issue equitable relief in aid of arbitration" by preserving the status quo).  Thus, the Court finds no grounds to vacate its order denying class certification because plaintiff fails to demonstrate that the Court erred in ultimately concluding that the Arbitration Clause did not exempt the asserted claims for equitable relief.

Indeed, in her reconsideration motion, plaintiff points to the same language she relied on in opposing the motion to deny class certification.  So-called Row 11 of the Arbitration Clause states: "**Do other options exist? Yes.**  Both parties may use lawful self-help remedies.  This includes set-off or repossession and includes our later sale, donation, or rental of the Property.  Both parties may seek remedies which don't claim money damages.  This includes pre-judgment seizure, injunctions, or *equitable relief*."  (Dkt. No. 21-1 at 30 (bold in original; italics supplied).)  According to plaintiff, because this provision follows others describing mechanisms for solving disputes, namely, arbitration, informal dispute resolution, and small claims court, Row 11 must be construed as listing "other options" for resolving disputes.  Therefore, plaintiff reasons, parties are not required to arbitrate when equitable relief is sought.

Pursuant to Local Rule 7-9(c), "[n]o motion for leave to file a motion for reconsideration may any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Notwithstanding, plaintiff invokes the same logic she used in responding to defendant's motion. As the Court previously found, plaintiff's proposed reading would nullify the broad scope provision.[2]

In any event, having been asked to reconsider its prior order, the Court now finds that Row 11 describes the possible remedies available to the parties, that is, their "options" for *type* of relief, not their procedural "options" for obtaining that relief. In other words, Row 11 does not provide alternatives to arbitration.[3] Thus, the Court maintains its view that the Arbitration Clause does not

---

[2] "**Which Disputes are covered?  All Disputes**. In this Clause, the word 'Disputes' has the broadest possible meaning. This Clause governs all 'Disputes' involving the parties. *This includes all claims even indirectly related to your application and agreements with us.* This includes claims related to information you previously gave us. It includes all past agreements. It includes, as may be applicable, any additional periods, extensions, renewals, and plans. It includes claims related to damaged property, buyout, reinstatement, loss, damage, warranty, maintenance, collection, possession, privacy, and customer information. It includes claims related to setting aside this Clause. It includes claims about the Clause's validity and scope. It includes claims about whether to arbitrate." (Dkt. No. 21-1 at 30 (bold in original; italics supplied).) Here, the amended complaint brings claims challenging the lawfulness of the application processing fee, which falls squarely within this provision.

Moreover, while not discussed previously, the Arbitration Clause expressly summarizes the only possible alternatives to arbitration. Located at the end of the clause is a section with the header "Other Options," which reads: "**If you don't want to arbitrate, can you still get a transaction?  Yes.** You can get our services and decide not to arbitrate. Consider these choices: **1. Informal Dispute Resolution.** Contact us and attempt to settle any Disputes. **2. Small-claims Court.** Seek to solve Disputes in small-claims court, within state law limits. **3. Opt-Out of Arbitration.** Sign and then timely opt out." Nowhere are claims for equitable relief exempted "if you don't want to arbitrate." (*Id.* at 31 (bold in original).)

[3] Plaintiff raises three arguments for interpreting Row 11 otherwise. None of these arguments persuade. First, plaintiff points to Row 11's inclusion of self-help remedies, which, by definition, cannot be pursued in arbitration, as support for construing Row 11 as exempting the specified remedies from arbitration. However, the fact that self-help remedies are available outside of arbitration does not mean that the *dispute* for which the *remedy* is sought may be resolved outside of arbitration (or small claims court, if applicable). Plaintiff improperly conflates the two.

Second, plaintiff argues, for the first time, that the fact "Acima's business model is to lease personal property to people of little to modest means" somehow supports construing Row 11 as exempting the specified remedies from arbitration because "it makes good sense from Acima's

exempt plaintiff's claims for equitable relief from mandatory arbitration, not only because the equitable relief is not requested to aid arbitration (as the Court previously held) but also because Row 11 simply does not carve out claims for equitable relief as a general matter (as the Court now clarifies).[4] Accordingly, plaintiff's argument that she can represent a class of individuals who did not opt out of the Arbitration Clause, despite having opted out herself, because she seeks equitable relief on behalf of the class, still fails. The motion for reconsideration is therefore **DENIED**.[5]

With respect to the pending motion for leave to amend, plaintiff has advised the Court: "If . . . reconsideration is denied such that the Order Denying Class Certification remains unchanged, the

---

standpoint" to pursue these remedies outside of arbitration. (Dkt. No. 54 at 14–15.) Not only does the Court find this argument unconvincing but plaintiff could have asserted this contention previously. A motion for reconsideration cannot be used to raise arguments or present evidence for the first time that reasonably could have been raised in connection with the ruling at issue. *See Kona Enters.,* 229 F.3d at 890. Therefore, this argument fails.

Third, plaintiff contends that any doubts must be resolved against Acima as the drafter. However, the Court specifically noted that "[w]hile California's *contra proferentem* rule requires ambiguities in a contract to be construed against the drafter, the ambiguity is removed by applying California's absurd-results canon." (Dkt. No. 44 at 9 n.3.) As explained at length in the previous order, plaintiff's proposed construction would create the absurd result whereby arbitrable disputes are transformed into nonarbitrable ones depending on the form of relief requested.

[4] The Court's previous order stated that Row 11 "does not exempt *all* equitable claims but 'was intended to apply only to claims designed to maintain the status quo between the parties.'" (Dkt. No. 44 (citing *Comedy Club, Inc v. Improv W. Assocs.*, 553 F.3d 1277, 1285 (9th Cir. 2009)).) Even if Row 11 was not so intended, the outcome here is still the same: the Arbitration Clause does not exempt plaintiff's claims for equitable relief from arbitration. To the extent the Court's previous order held that Row 11 authorized equitable relief in aid of arbitration proceedings, the Court now clarifies that such authority is inherent to courts, and that Row 11 does not exempt claims for equitable relief.

Furthermore, contrary to plaintiff's mischaracterization of the Court's order, the Court did not state, nor suggest, that all of the remedies listed in Row 11 could only be sought for the limited purpose of maintaining the status quo. Given that this is not the first time that plaintiff misstates the Court's orders (*see* Dkt. No. 53), counsel for plaintiff is reminded of his Rule 11 obligations.

[5] The Court's ruling in no way precludes plaintiff from seeking public injunctive relief in her individual capacity. As the California Supreme Court explained in *McGill v. Citibank N.A.*, "a request for [public injunctive] relief does not constitute the pursuit of representative claims or relief on behalf of others"; instead, these claims are suitable for individual actions. 2 Cal. 5th 945, 959–60 (2017).

4

effect of that Order would be to require the proposed additional plaintiffs to submit their claims to arbitration. In that case, the motion for leave to amend would become moot." (Dkt. No. 49-1.) Accordingly, that motion is **DENIED AS MOOT**.

In light of this Order, the Court hereby **SETS** a compliance deadline for **9:01 a.m.** on **November 26, 2021**. **Five (5) business** days prior to the date of the compliance deadline, the parties shall file a joint statement setting forth the parties' position with respect to the scheduling of this case. If compliance is complete, the compliance deadline will be taken off calendar.

This Order terminates Docket Numbers 34 and 54.

**IT IS SO ORDERED.**

Dated: **November 5, 2021**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**